IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES LEE BYRD,               §
TDCJ-CID NO. 1260737,         §
                              §
          Petitioner,         §
                              §
v.                            §
                              §    CIVIL ACTION NO. H-08-0767
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                              §
          Respondent.          §

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner James Lee Byrd's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1), petitioner's motion to obtain a copy of the trial record (Docket Entry No. 12), petitioner's Evidentiary Hearing Request (Docket Entry No. 21), petitioner's Motion for the Appointment of Counsel (Docket Entry No. 22), and Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 18). For the reasons stated below, the court will grant Respondent's Motion for Summary Judgment, and deny petitioner's Petition for a Writ of Habeas Corpus, motion to obtain a copy of the trial record, Evidentiary Hearing Request, and Motion for the Appointment of Counsel.

## I.  __Factual and Procedural Background__

On August 31, 2004, petitioner pleaded guilty to murdering his former girlfriend.[1]  Roughly a year earlier, on August 27, 2003, police arrived on the scene to see petitioner stabbing the victim repeatedly.  Due to extreme blood loss, the victim suffered significant brain damage, and soon entered into a permanent vegetative state.  On December 28, 2003, the victim went into full arrest and emergency room doctors pronounced her dead on arrival at Memorial Hermann Baptist Beaumont Hospital.[2]

Although petitioner pleaded guilty, he elected to proceed to trial on the issue of punishment.[3]  On September 3, 2004, the jury sentenced petitioner to ninety-nine years' imprisonment.[4]  On appeal the Texas Court of Appeals affirmed Byrd's conviction and sentence.[5]  The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on July 26, 2006.[6]

---

[1]Reporter's Record, Cause Nos. 959810, 961777, and 995232, Vol. 3, Punishment Hearing, p. 5.

[2]Byrd v. State, 192 S.W.3d 69, 70 (Tex. App. -- Houston [14th Dist.] 2006, pet. ref'd).

[3]Reporter's Record, Cause Nos. 959810, 961777, and 995232, Vol. 3, Punishment Hearing, p. 5.

[4]Clerk's Record, Cause No. 995232, Vol. III, Judgment, p. 681.

[5]Byrd v. State, 192 S.W.3d 69.

[6]Memorandum in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 2, p. 2.

Having exhausted direct review, petitioner filed a state habeas application, alleging that his guilty plea was involuntary, that he was denied effective assistance of counsel, that there was insufficient evidence to support a conviction, and that the trial court erred when it admitted medical records into evidence and instructed the jury on parole law. As part of the state habeas proceeding, petitioner's trial counsel filed an affidavit responding to petitioner's allegations of ineffective assistance of counsel.[7] The state habeas court made findings of fact in accordance with the affidavit and recommended that petitioner's application be denied.[8] However, the Texas Court of Criminal Appeals ordered the trial court to resolve additional factual issues regarding counsel's purported failure to investigate or to call witnesses to testify during petitioner's punishment trial.[9]

At the trial court's request, petitioner's counsel filed a supplemental affidavit outlining the investigation counsel had conducted into the potential witnesses petitioner alleged counsel had failed to call.[10] Relying on counsel's affidavit, the state habeas court issued supplemental findings of fact and renewed its

---

[7]Ex parte Byrd, WR-68,432-01, Findings of Fact and Conclusions of Law, p. 91.; id., Affidavit of Randall J. Ayers, p. 59.

[8]Id., Findings of Fact and Conclusions of Law, p. 91.

[9]Ex parte Byrd, WR-68,432-01, Supp. Record, Order, p. 2.

[10]Ex parte Byrd, WR-68,432-01, Supp. Record, Affidavit of Randall J. Ayers, p. 12.

recommendation that petitioner's application be denied.[11] The Texas Court of Criminal Appeals followed the trial court's recommendation and denied petitioner's state habeas application without written order on January 30, 2008.[12]

Petitioner then filed his Petition for a Writ of Habeas Corpus by a Person in State Custody in federal court asserting the same claims he asserted in his state habeas application.[13]  In lieu of filing an answer, respondent filed his Motion for Summary Judgment, arguing that petitioner had failed to sustain his burden under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[14]

## II.  Standards of Review

Respondent contends that he is entitled to summary judgment because petitioner has failed to meet his burden under the AEDPA. Because petitioner filed his habeas petition after April 24, 1996, the AEDPA applies.  Lindh v. Murphy, 117 S. Ct. 2059 (1997).

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus cases, see Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, see

---

[11]Id., Findings of Fact and Conclusions of Law, p. 19.

[12]Ex parte Byrd, WR-68,432-01, Supp./Clerk's Record, at cover.

[13]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1.

[14]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 18.

Rule 11 of Rules Governing § 2254 Cases.  Under Rule 56 summary judgment is appropriate only if the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In habeas cases, however, the court cannot construe all facts in the light most favorable to the nonmoving party.  See Woods v. Cockrell, 307 F.3d 353, 356-57 (5th Cir. 2002).  The AEDPA requires the court to presume as true all facts found by the state court absent clear and convincing evidence to the contrary.  Id. (citations omitted); 28 U.S.C. § 2254(e)(1).

Petitioner has the burden of establishing that he is entitled to relief.  Orman v. Cain, 228 F.3d 616, 619 (5th Cir. 2000).  To meet his burden under the AEDPA petitioner must establish that the state courts' adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts the law as established by the Supreme Court, or decides the case differently than the Supreme Court on a set of facts that are "materially indistinguishable."  Coble v. Quarterman, 496 F.3d 430, 435 (5th Cir. 2007).  An "unreasonable application" means more than an "erroneous application"; an "unreasonable application" exists only

-5-

where "the state court correctly identifie[d] the governing legal principle from [Supreme Court] decisions but unreasonably applie[d] it to the facts of the particular case." Horn v. Quarterman, 508 F.3d 306, 312 (5th Cir. 2007) (internal quotation marks omitted). To determine whether petitioner has made this showing, the court must examine petitioner's underlying claims.  See Del Toro v. Quarterman, 498 F.3d 486, 490-91 (5th Cir. 2007) (affirming denial of a petitioner's habeas petition because he could not establish his claim on the merits); Neal v. Puckett, 286 F.3d 230 (5th Cir. 2002) (evaluating the merits of a petitioner's claim before concluding that although incorrect, the state court's decision was not an unreasonable application of federal law).

### III.  Involuntary Guilty Plea

Petitioner asserts that his guilty plea was involuntary because his counsel was unprepared for trial and misled petitioner into believing that petitioner had no plausible insanity defense and therefore was unable to plead not guilty by reason of insanity. Before pleading guilty petitioner acknowledged that he was entering his plea upon his own free will, understood the charges against him, and that he had not been threatened or promised anything in connection with the plea.[15]  "As a general rule . . . a convicted defendant may not collaterally attack a voluntary and intelligent

---

[15]Reporter's Record, Cause Nos. 959810, 961777, and 995232, Vol. 3, Punishment Hearing, pp. 4-5.

guilty plea." Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991). However, a plea that resulted from the ineffective assistance of counsel may be subject to collateral attack. See Ward v. Dretke, 420 F.3d 479, 487 (5th Cir. 2005); Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994). Accordingly, whether petitioner's plea was involuntary rests entirely on whether petitioner's counsel rendered ineffective assistance with respect to petitioner's guilty plea.

To establish that his counsel was ineffective petitioner must demonstrate that his counsel's performance was (1) deficient and (2) prejudicial. Armstead, 37 F.3d at 206. Within the context of a guilty plea, when, as here, "a [petitioner] is represented by counsel and pleads guilty upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (internal quotation marks omitted). Moreover, to prove prejudice within the context of a guilty plea petitioner must establish "a reasonable probability that absent counsel's errors [he] would not have entered a guilty plea and would have insisted on a trial." United States v. Payne, 99 F.3d 1273, 1282 (5th Cir. 1996). A claim for ineffective assistance of counsel can be disposed of "for either reasonable performance of counsel or lack of prejudice, without addressing the other." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

Petitioner contends that his counsel's performance was deficient because he desired to plead not guilty, but his counsel misled him into believing that he would be unable to present an insanity defense if he pleaded not guilty.[16]  Having reviewed the record, however, the court finds nothing deficient about counsel's performance.[17]

_____

[16]Memorandum in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 2, pp. 3-4.

[17]Petitioner raises two additional claims that relate to the voluntariness of his guilty plea.  First, petitioner contends that his counsel was deficient for failing to notify him that the death certificate listed two causes of death.  Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, Ex. 21.  Petitioner asserts that had he known this he would not have pleaded guilty to murder.  Id.  The death certificate lists "sepsis" as the immediate cause of death.  Reporter's Record, Cause Nos. 959810, 961777, 995232, Vol. 11, Death Certificate, State's Ex. No. 21.  However, the death certificate lists "anoxic brain injury -- persistent vegetable state" -- and "multiple stab wounds" as the underlying cause of the sepsis.  Id.  Therefore, it cannot be said that the victim died from "sepsis" apart from the injuries inflicted by the petitioner.  The death certificate makes plain that the victim died from the complications resulting from the stab wounds that petitioner inflicted.  Assuming for the sake of argument that petitioner's counsel did not inform petitioner of the specific causes of death listed on the death certificate, the court does not find counsel's omission to be unreasonable.

Second, petitioner asserts that his counsel was deficient for failing to "advise [him] fully of all his pleas."  Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 8.  However, petitioner's counsel stated that he and petitioner spent a great deal of time discussing his plea options on numerous occasions.  Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 60.  The state habeas court found this affidavit to be true and credible.  Id., Findings of Fact and Conclusions of Law, p. 91.  Accordingly, because petitioner has not presented any evidence, let alone clear and convincing evidence, that would override the strong presumption of correctness that attaches to the state habeas court's factual findings, see 28 U.S.C. § 2254(e)(1), his claim is without any factual basis.

-8-

Petitioner's counsel repeatedly explained to petitioner his right to plead not guilty by reason of insanity.[18] Petitioner and his counsel discussed the legal requirements of an insanity defense. Based on those discussions petitioner's counsel requested a psychiatric evaluation by the Mental Health and Mental Retardation Authority of Harris County ("MHMR") to determine if (1) petitioner was currently mentally competent to stand trial and (2) if so, whether there was any evidence to indicate that petitioner was insane at the time of the offense.[19] The MHMR found that petitioner was not competent to stand trial at that time but that there was a substantial probability that his mental competency could be restored with treatment.[20] Because the MHMR concluded that petitioner was mentally incompetent, the MHMR did not address petitioner's sanity.[21]

Based upon the MHMR report the trial court ordered petitioner committed to the North Texas State Hospital ("NTSH") for further evaluation.[22] Petitioner was admitted to NTSH on January 27, 2004, and released on March 23, 2004.[23] In conjunction with petitioner's

---

[18]Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 59.

[19]Id. at 61.

[20]Clerk's Record, Cause No. 995232, Vol. I, Competency Evaluation, pp. 32-33.

[21]Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 62.

[22]Id.

[23]Id. at 62-63.

release, an NTSH psychiatrist submitted a report relating his opinion that petitioner was mentally competent to stand trial.[24]

Once petitioner returned from NTSH, petitioner and his counsel again discussed the possibility of an insanity defense. Petitioner requested an evaluation from the MHMR evaluating his sanity at the time of the offense, which counsel sought from the court.[25] In an April 29, 2004, report the MHMR found that petitioner did not meet the legal criteria for the insanity defense because there was no evidence that petitioner was suffering from the symptoms of a mental disease or defect of the type or degree that would have rendered him unable to know the difference between right and wrong at the time of the offense.[26]

Despite this finding petitioner requested his counsel to seek a court-appointed, independent mental health expert, which counsel obtained.[27] The independent mental health expert also found insufficient evidence of insanity at the time of the offense.[28] Accordingly, based on the independent mental health expert's report

_____

[24]Clerk's Record, Cause No. 995232, Vol. I, Texas Department of Mental Health and Mental Retardation Competency Evaluation, p. 52.

[25]Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 63.

[26]Clerk's Record, Cause No. 995232, Vol. I, Competency Evaluation, p. 32.

[27]Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 63.

[28]Id. at 64.

and all previous reports, counsel advised petitioner that there was no practical way to effectively raise an insanity defense at trial.[29]  Petitioner's counsel also discussed these reports at a court appearance on June 8, 2004, and just prior to trial, on August 31, 2004.[30]  It was then that petitioner informed counsel that he had decided to plead guilty to the charge of murder.[31]

The record is clear that petitioner's counsel was diligent in following petitioner's requests, and in both investigating that defense and communicating the results of his investigation to petitioner.  Accordingly, the court finds no basis for petitioner's allegations that his counsel's performance was deficient.

This conclusion is fatal to petitioner's claim that his plea was involuntary:  With no factual basis for his ineffective-assistance-of-counsel claim, petitioner has no factual basis for his involuntary plea claim.  Therefore, there is no basis for finding that the state habeas court's conclusion -- that petitioner's plea was knowing and voluntary, and his counsel effective[32] -- was contrary to, or an unreasonable application of, clearly established federal law.  See 28 U.S.C. § 2254(d)(1).

---

[29]Id.

[30]Id.

[31]Id.

[32]Ex parte Byrd, WR-68,432-01, Findings of Fact and Conclusions of Law, pp. 91-92.

### IV.  **Ineffective Assistance of Counsel**

In his petition, petitioner raises several independent claims of ineffective assistance of counsel.[33]  As noted already, to establish that his counsel was ineffective petitioner must demonstrate that his counsel's performance was (1) deficient and (2) prejudicial.  Armstead, 37 F.3d at 206.  To prove counsel's performance was deficient "petitioner must demonstrate that [his] counsel's representation fell below an objective standard of reasonableness."  Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005) (internal quotation marks omitted).  To prove prejudice petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 104 S. Ct. 2052, 2068 (1984).  Petitioner asserts his counsel was ineffective for (1) failure to request or present psychiatric examination reports from the MHMR at sentencing and (2) failure to call character witnesses to testify at sentencing.[34]  Each claim will be addressed in turn.[35]

---

[33]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[34]Id.

[35]Petitioner also claims that his counsel was deficient for failing to properly investigate the facts of his case.  Id.  However, "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," which includes those
(continued...)

**A.   Failure to Request or Present Psychiatric Examinations Reports at Sentencing**

Petitioner asserts that his counsel was deficient for failing to request or present the psychiatric reports that resulted from petitioner's short stints at MHMR immediately preceding the underlying offense.  However, these allegations are conclusory -- petitioner has not provided these documents to the court or even explained what they would contain.  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").  Further, petitioner has not shown how those documents would be beneficial and why counsel's choice not to present those documents as evidence in the punishment phase is

---

[35](...continued)
ineffective-assistance-of-counsel claims that have no direct relation to whether the petitioner's plea was voluntary. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Consequently, the court finds these claims without merit because they relate to the guilt/innocence stage and are therefore waived by petitioner's voluntary guilty plea.

Insofar as the petitioner's claim can be interpreted to relate to ineffective assistance during the punishment stage, the court finds these claims to be conclusory. Petitioner's counsel has submitted two affidavits outlining his diligent investigation into witnesses and potential defenses to the charge. See Ex parte Byrd, WR-68,432-01, Affidavit of Randall J. Ayers, p. 59.; id., Supp. Record, Affidavit of Randall J. Ayers, p. 12. Petitioner has submitted no evidence that would indicate that his counsel was deficient in his investigation. Accordingly, the court denies petitioner's claim on this point.

-13-

deficient.  Because the court refuses to engage in speculation, it cannot find counsel's actions to be deficient.

Also, petitioner's claims are wholly devoid of any evidence that would tend to show prejudice.  To prove prejudice within the context of sentencing petitioner must establish that, but for his counsel's error, his sentence "would have been significantly less harsh."   Miller, 420 F.3d at 364-65 (internal quotation marks omitted).

Here, the record indicates that petitioner would be unable to prove prejudice.   Petitioner testified during the punishment phase.[36]  During direct examination petitioner's counsel thoroughly covered the fact that petitioner checked himself into MHMR facilities on two separate occasions prior to the offense;[37]  and that petitioner was released from the second MHMR facility only fifteen hours before the murder.[38]  Thus, the jury had before it evidence of petitioner's mental health history when it decided petitioner's sentence.   Petitioner has failed to establish that there is a reasonable probability that his sentence would have been significantly less harsh had counsel submitted the reports instead of, or in addition to, petitioner's own testimony.   Accordingly, the court will deny relief on this point.

---

[36]Reporter's Record, Cause Nos. 959810, 961777, and 995232, Vol. 6, Punishment Hearing, pp. 78-81.

[37]Id.

[38]Id.

-14-

## B.    Failure to Call Character Witnesses

Petitioner also asserts that his counsel was deficient for failing to call relevant character witnesses during the punishment phase.[39]  Specifically, petitioner asserts that he gave the names of several witnesses to counsel, but counsel failed to subpoena them for the punishment stage.[40]  Generally, claims of ineffective assistance based on counsel's failure to call a witness are disfavored because "the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain . . . ." Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, to prevail on such a claim petitioner must establish not only that the witnesses would have testified, but also that the witnesses' testimony would have been favorable to the defense.  Id.

Petitioner has failed to satisfy either requirement. Petitioner has not submitted affidavits from any of the witnesses stating that they were willing to testify or indicating that their testimony would have been favorable.  However, petitioner's counsel has submitted an affidavit explaining why none of these witnesses were called to testify for the defense during sentencing.[41] According to counsel, one of these purported witnesses was actually

---

[39]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[40]Memorandum in Support of Petition for Writ of Habeas Corpus, Docket Entry No. 2, pp. 6-7.

[41]Ex parte Byrd, WR-68,432-01, Supp. Record, Affidavit of Randall J. Ayers, pp. 12-15.

-15-

called to testify for the prosecution at sentencing about how
petitioner had called and confessed to setting the victim's
boyfriend's truck on fire a week before the petitioner murdered the
victim, and to generally boast about the murder.[42] Another witness,
a former employer, explained to defense counsel that he had fired
petitioner because petitioner was involved in a physical
altercation and had made threats against co-workers.   Another
witness, who had employed petitioner as a delivery driver, told
defense counsel that he received at least two phone calls from
different people complaining that petitioner had tried to run them
off the road.   Another witness stated that he had spoken with
petitioner while petitioner was in prison for assaulting the same
victim, and that during the conversation petitioner made threats
against the victim.[43] Based on these facts the court concludes that
counsel's decision not to call these witnesses was not deficient.

### V.  Insufficient Evidence

Petitioner next asserts that there was insufficient evidence
to support his conviction because the death certificate listed a
natural cause to be the cause of death.[44]  "[A] failure to comply

---

[42]Reporter's Record, Cause Nos. 959810, 961777, and 995232, Vol. 5,
Punishment Hearing, pp. 160-65.

[43]Ex parte Byrd, WR-68,432-01, Supp. Record, Affidavit of Randall J.
Ayers, pp. 12-15.

[44]Petition for a Writ of Habeas Corpus by a Person in State Custody,
Docket Entry No. 1, p. 7.

with state law requirements presents a federal habeas issue only if it involves federal constitutional issues." Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986).  However, "[n]o federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." Baker v. Estelle, 715 F.2d 1031, 1036 (5th Cir. 1983); see also Kelly v. State of Alabama, 636 F.2d 1082, 1084 (5th Cir. 1981) ("A defendant who pleads guilty cannot . . . later seek a trial of his case absent some infirmity in the entry of the plea.").  "State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed." Smith, 786 F.2d at 702.  Accordingly, this claim is not cognizable and will be denied.

## VI.   Trial Court Error

Petitioner asserts that the trial court abused its discretion and violated his due process rights by (1) admitting medical records into evidence and (2) instructing the jury on parole law.[45] The state habeas court did not address petitioner's claims of trial court error because the petitioner's claims were raised on direct appeal.  See Ex parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984) (declining to address an issue previously raised and addressed by the Texas Court of Appeals).  The Texas Court of

---

[45] Id. at 7-8.

Appeals denied all of petitioner's claims concerning the trial court's purported errors, and the Texas Court of Criminal Appeals denied petitioner's petition for discretionary review without written order.[46]   Accordingly, for purposes of these claims the court will look to the opinion of the Texas Court of Appeals to determine whether its adjudication of petitioner's claims was contrary to, or an unreasonable application of, clearly established federal law.

**A.    Admission of Medical Records into Evidence**

Petitioner asserts that the trial court erred by admitting medical records of the deceased that contained large amounts of information not relevant to the cause of death, the manner of injury, or the link between the petitioner's admitted attack and the ultimate demise of the deceased.[47]   Because petitioner's counsel failed to object to the admission of this evidence during sentencing, the Texas Court of Appeals held that the issue was procedurally defaulted under the contemporaneous objection rule.[48]

A federal court is barred from considering a claim that was dismissed by a state court "[i]f a state court clearly and

---

[46]Byrd, 192 S.W.3d 69.

[47]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 8.

[48]Byrd, 192 S.W.3d at 71.   Notably, petitioner does not raise a claim of ineffective assistance of counsel for counsel's failure to object to the introduction of this evidence at trial.

-18-

expressly base[d] its dismissal of a prisoner's claim on a state procedural rule, and that procedure provide[d] an independent and adequate ground for the dismissal[.]" <u>Nobles v. Johnson</u>, 127 F.3d 409, 420 (5th Cir. 2003).  The contemporaneous objection rule is an independent and adequate ground for dismissal.  <u>Fisher v. Texas</u>, 169 F.3d 295, 300-01 (5th Cir. 1999).  Although there are exceptions to this rule,[49] petitioner has not alleged, much less established, any of them.  Therefore, because petitioner's claim on this point is procedurally defaulted, the court will not address it.

## B.   Instructing the Jury Concerning Parole Law

Petitioner asserts that the trial judge's instruction concerning parole law confused the jurors and therefore violated his due process rights under the Fourteenth Amendment.[50]  During deliberations, the jury sent a note to the judge that stated: "What is the difference between a life sentence and a 99 [year] sentence?  Specifically, regarding the length of the term."[51]  The

---

[49]<u>See</u> <u>Smith v. Johnson</u>, 216 F.3d 521, 524 (5th Cir. 2000) ("[A habeas petitioner] may overcome the state procedural bar only by demonstrating (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice.") (internal quotation marks omitted).

[50]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

[51]<u>Byrd</u>, 192 S.W.3d at 71.

judge responded, "Please refer to page 3 of the court's charge and continue your deliberations."[52]   Page 3 of the court's charge stated:

> Under the law applicable in this case it is possible that the length of time for which the defendant might be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or thirty years, whichever is less.   Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law might be applied to this defendant if he is imprisoned to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of parole law. However, you are not to consider the manner in which the parole law may be applied to this particular defendant.[53]

Petitioner concedes that the instruction itself does not present a federal constitutional issue.[54]   Neither does petitioner assert that the trial judge's response to the jury was made outside

---

[52]Id. at 71-72.

[53]Clerk's Record, Cause No. 995232, Vol. III, Court's Charge, p. 673.

[54]Petitioner abandoned his constitutional challenge to the instruction in his response to respondent's Motion for Summary Judgment.   Petitioner's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 19, p. 1.   Even if petitioner had not abandoned this challenge, it nonetheless lacks merit.   See King v. Lynaugh, 850 F.2d 1055, 1061 (5th Cir. 1988) ("[A] jury instruction on a capital defendant's eligibility for parole or commutation of sentence does not raise a constitutional issue.").

-20-

of his presence.    He only argues that the instruction was misleading and confusing.[55]

The judge's return instruction simply directed the jury to continue to follow the court's charge.    "A jury is presumed to follow its instructions."  <u>Weeks v. Angelone</u>, 120 S. Ct. 727, 733 (2000).    "Similarly, a jury is presumed to understand a judge's answer to its question."  <u>Id.</u>  Petitioner has provided no evidence in support of his claims to overcome this presumption.    Nothing in either the jury note or the response leads the court to conclude that there was any confusion or misapplication of the law. More importantly, nothing in the jury note or the response leads the court to conclude that the decision of the Texas Court of Appeals -- that there was no confusion or misapplication of the law[56] -- was contrary to, or an unreasonable application of, clearly established federal law.    <u>See</u> 28 U.S.C. § 2254(d)(1).    Accordingly, petitioner's claim on this point is denied.

### VII.   <u>Conclusion and Order</u>

Based on the foregoing analysis, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED**, and petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.    Petitioner's motion

---

[55]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

[56]<u>Byrd</u>, 192 S.W.3d at 72.

to obtain a copy of the trial record (Docket Entry No. 12) is **DENIED.** Petitioner's Evidentiary Hearing Request (Docket Entry No. 21) and Motion for the Appointment of Counsel (Docket Entry No. 22) are **DENIED.**

   **SIGNED** at Houston, Texas, on this the 28th day of July, 2008.

                                         SIM LAKE
                          UNITED STATES DISTRICT JUDGE